

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT, IN AND
FOR MONROE COUNTY, FLORIDA

AMERISURE MUTUAL INSURANCE
COMPANY, a foreign corporation,

        CASE NO. 10CA60P

    Plaintiff,

        DIVISION:

vs.

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, Plaintiff, AMERISURE MUTUAL INSURANCE COMPANY, ("Amerisure") by and through undersigned counsel, and files its Complaint for Declaratory Judgment pursuant to §86.011, et seq., Florida Statutes, against Defendant MID-CONTINENT CASUALTY COMPANY, ("Mid-Continent"), as follows:

1. This is an action for declaratory judgment pursuant to Florida Statute §86.011, et seq.

2. This court has subject matter jurisdiction pursuant to Fla. Stat. §86.011. As well, this cause of action concerns a dispute over damages in excess of $15,000.00 exclusive of costs. Venue is appropriate as the cause of action accrued in Monroe County, Florida.

3. There is an actual, present and bona fide controversy between the parties with regard to whether Mid-Continent is obligated to defend and indemnify its insured D'Asign Group, Inc., f/k/a D'Asign Source & Co., Inc. in the arbitration proceeding which is currently pending under the style *D'Asign Group, Inc., f/k/a D'Asign Source & Co., Inc.,*

EXHIBIT A

*v. Walter Lake and Joyce Lake*, Re: 32 110 Y 0099907.

4. The arbitration proceeding which is currently pending under the style *D'Asign Group, Inc., f/k/a D'Asign Source & Co., Inc., v. Walter Lake and Joyce Lake*, Re: 32 110 Y 0099907 arises out of a dispute over the construction of a residence on real property owned by Walter and Joyce Lake, (hereinafter collectively "the Lakes") and located at 75090 Overseas Highway, described as Parcel A and B, Lot 1, Section 21, Township 64 South Range 36 East, Lower Matecumbe, Monroe County, Florida.

5. At all times relevant to the subject action, D'Asign was and is a Florida limited liability company located in Monroe County, Florida.

6. At all times relevant to the subject action, Plaintiff Amerisure was and is an insurance company organized and existing under the laws of the State of Michigan, with its principal place of business in Michigan.

7. At all times relevant to the subject action, Defendant Mid-Continent was and is an insurance company, with its principal place of business in the State of Oklahoma.

8. Mid-Continent issued to D'Asign, as named insured, a policy of CGL insurance numbered 04-GL-000124445, which policy had a policy period from August 10, 2003 to August 10, 2004. A true and correct copy of that policy is attached hereto as Exhibit A and is incorporated herein by reference.

9. Mid-Continent issued to D'Asign, as named insured, a policy of CGL insurance numbered 04-GL-000558060, which policy had a policy period from August 10, 2004 to August 10, 2005. A true and correct copy of that policy is attached hereto as Exhibit B and is incorporated by reference.

10. Mid-Continent issued to D'Asign, as named insured, a policy of CGL insurance

numbered 04-GL-000599574, which policy had a policy period from August 10, 2005 to August 10, 2006. A true and correct copy of that policy is attached hereto as Exhibit C and is incorporated by reference.

11. Amerisure issued certain policies of insurance to D'Asign Group, Inc., f/k/a D'Asign Source & Co., Inc. ("D'Asign") as named insured, which provided certain liability insurance subject to the terms, conditions and limitations set forth in said policies.

12. The Mid-Continent policies contain, among other terms and provisions, language which reads:

SECTION 1 – COVERAGES

COVERAGE A-BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .

   * * *

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an occurrence that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; . . .

   c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that

3

"bodily injury" or "property damage" after the end of the policy period.

(Exhibits A, B, and C).

13. On or around January 22, 2003, D'Asign and the Lakes entered into a contract for construction of a residential dwelling for the Lakes on the real property described in Paragraph 4 above.

14. The construction contract between D'Asign and the Lakes was terminated on June 15, 2007 by the Lakes after a dispute between the Lakes and D'Asign concerning the construction and the construction costs.

15. Subsequent to the termination of the construction contract, D'Asign claimed unpaid amounts in connection with its construction activities at the Lakes' residence. D'Asign recorded a Claim of Lien for the alleged unpaid amounts in the Official Records Book of the Public Records of Monroe County, Florida.

16. Within one year of recording its Claim of Lien, D'Asign filed a lawsuit styled *D'Asign Group, Inc. f/k/a D'Asign Source & Co., Inc. v. Walter Lake and Joyce Lake, et al.*, Case No. 07-CA-8383P, in the Sixteenth Judicial Circuit, Monroe County, Florida (hereinafter "the D'Asign Action"), against the Lakes and other subcontractors that worked on the Project. D'Asign's claims in that action against the Lakes are described in the Third Amended Complaint filed in that action.

17. Simultaneously with the filing of The D'Asign Action, D'Asign filed a demand for arbitration with the American Arbitration Association in an effort to seek recovery upon its claims against the Lakes. D'Asign and the Lakes are currently arbitrating their dispute.

18.   Pursuant to D'Asign's request the court stayed the proceedings in D'Asign Action.

19.   The Lakes have filed a Counterclaim against D'Asign in the arbitration proceeding. The Lakes' counterclaim seeks recovery of monies they claim occurred because of allegedly defective construction by D'Asign. Furthermore, the Lakes counterclaim against D'Asign contains allegations of overbilling.

20.   Amerisure is currently providing a defense under a reservation of rights to D'Asign for the claims asserted in the Lakes' counterclaim.

21.   Upon information and belief D'Asign tendered the defense of the counterclaim to Mid-Continent, as D'Asign's liability insurer, and Mid-Continent refused to defend and/or indemnify D'Asign against the Lakes' claims, and has otherwise taken the position that none of the policies it issued to D'Asign provide liability insurance coverage to D'Asign for the claims asserted in the Lakes' counterclaim.

23.   Amerisure has notified D'Asign that it contends that the insurance policies it issued to D'Asign do not provide liability insurance coverage for the damages the Lakes seek to recover from D'Asign in the arbitration proceeding. These contentions are addressed in a separate action for declaratory relief filed in the Circuit Court of the Sixteenth Judicial Circuit, in and for Monroe County, Florida, by Amerisure against D'Asign and the Lakes which lawsuit is styled *Amerisure Insurance Company, Plaintiff v. D'Asign Group, Inc., Walter Lake and Joyce Lake, Defendants,* and is numbered Case No. CAP091125.

24.   More specifically, in that lawsuit and in the instant case Amerisure contends, inter alia, that the damages the Lakes seek to recover from D'Asign are not damages because of "property damage" (as that term is defined in the insurance policies) to which

5

CGL policies such as the Amerisure policies would apply.

25.    If, however, it is ultimately determined that any of the damages the Lakes seek to recover from D'Asign are in fact damages because of "property damage", it is contended that any such "property damage" occurred during the policy periods of the Mid-Continent policies and not during the policy periods of any of the Amerisure policies.

26.    On information and belief, Mid-Continent contends, inter alia, that the damages the Lakes seek to recover from D'Asign are not damages because of "property damage" to which CGL policies such as the Mid-Continent policies would apply, and contends, inter alia, that if it is ultimately determined that any of the damages the Lakes seek to recover from D'Asign are in fact damages because of property damage, that some or all of such "property damage" occurred during the policy periods of the Amerisure policies and not during the policy periods of the Mid-Continent policies.

27.    There is therefore a bona fide dispute between Amerisure and Mid-Continent as to when any "property damage" which is the subject of the Lakes' counterclaim occurred.

WHEREFORE, Amerisure respectfully requests that this Court determine and declare the rights and obligations of the parties as follows:

(a) That Mid-Continent has a duty to defend D'Asign against the claims asserted by the Lakes against D'Asign in their Counterclaim asserted in the arbitration proceedings;

(b) That Mid-Continent has a duty to indemnify D'Asign against the claims asserted by the Lakes against D'Asign in their Counterclaim asserted in the arbitration proceedings; and,

(c) What, if it is ultimately determined that both Mid-Continent and Amerisure have a duty to either defend or indemnify D'Asign against the claims asserted by the Lakes

6

against D'Asign in their Counterclaim asserted in the arbitration proceedings, is the relative apportionment of defense costs and/or indemnity as between Amerisure and Mid-Continent.

_____
F. Bradley Hassell, Esquire
Florida Bar No. 260592
Hassell, Moorhead & Carroll
1616 Concierge Blvd., Ste. 100
Daytona Beach, FL 32117
(386) 238-1357
Attorney for Plaintiff