**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

Case No. 4:10-cv-10022-JLK

AMERISURE MUTUAL INSURANCE
COMPANY, a foreign corporation,

      Plaintiff,

v.

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

      Defendant.

_____/

**MID-CONTINENT CASUALTY COMPANY'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT FOR DECLARATORY RELIEF**

      Defendant, MID-CONTINENT CASUALTY COMPANY ("Mid-Continent"), by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, files this Motion to Dismiss Plaintiff, AMERISURE MUTUAL INSURANCE COMPANY'S ("Amerisure") Complaint for Declaratory Relief, and as grounds states:

      1.    This matter is derivative of an underlying action in which D'Asign sued Walter and Joyce Lake in an arbitration proceeding styled *D'Asign Group, Inc. f/k/a D'Asign Source & Co., Inc. v. Walter Lake and Joyce Lake,* Re: 32 110 Y 0099907, arising out of a dispute over the construction of a residence on real property owned by the Lakes in Lower Matecumbe, Monroe County, Florida (the "Underlying Action").

      2.    The Lakes filed a counterclaim against D'Asign in the arbitration proceeding alleging defective construction by D'Asign.  The Lakes are seeking more than $1.7 million in damages.

3.      D'Asign tendered the defense of the counterclaim to Mid-Continent and to Amerisure.

4.      Mid-Continent issued three commercial general liability insurance policies to D'Asign Group, Inc. f/k/a D'Asign Source & Co., Inc. ("D'Asign"), with effective dates of coverage from August 10, 2003 to August 10, 2006.  Mid-Continent has denied coverage for the damages alleged by the Lakes.

5.      Amerisure also issued one or more commercial general liability policies to D'Asign, which were in effect in different years than the Mid-Continent policies.  In its Complaint, Amerisure does not specifically allege the dates of any policy period or periods.  Amerisure is providing a defense to D'Asign for the claims asserted by the Lakes, under a reservation of rights.

6.      On or about January 26, 2010, Amerisure filed this action.  Its Complaint for Declaratory Relief against Mid-Continent is attached hereto as **Exhibit A.**

7.      Amerisure seeks a declaration of Mid-Continent's obligations under the Mid-Continent policies.  Specifically, Amerisure seeks a declaration that:

a.      Mid-Continent has a duty to defend D'Asign against the claims asserted by the Lakes;

b.      Mid-Continent has a duty to indemnify D'Asign for the claims asserted by the Lakes; and,

c.      To the extent that both Mid-Continent and Amerisure have a duty to defend and/or duty to indemnify D'Asign, the proper apportionment of costs and/or damages between the two insurers.

See Exhibit A.

8.      The Court should dismiss Amerisure's Complaint for failure to state a cause of action.  Amerisure has no legal cause of action because there is no contractual

privity between Amerisure and Mid-Continent.

9.     Amerisure also has no equitable cause of action.  With respect to the duty to defend, Amerisure has no cause of action for equitable contribution or equitable subrogation against Mid-Continent for recoupment or apportionment of defense fees because as a primary insurer Amerisure's duty to defend is a 100% duty, not a 50% duty.  A primary insurer with a duty to defend has no equitable cause of action against another primary insurer.

10.     With respect to the duty to indemnify, Amerisure has no equitable cause of action because it has not yet paid any money toward a verdict, judgment, award or settlement.

11.     In addition, a declaration of Mid-Continent's duty to indemnify D'Asign in the underlying action is premature, because unlike the duty to defend, which is based on the allegations, the duty to indemnify is based on the actual facts.  The actual facts have yet to be found in the underlying action.

## <u>MEMORANDUM OF LAW</u>

**ARGUMENT**

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), the Court must accept the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Martin Marietta Corp. v. International Telecomms. Satellite Org.,* 991 F.2d 94 (4th Cir.1993). The claim should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of the claims which would entitle the plaintiff to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Hoffritz*

*for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985). In ruling on a 12(b)(6) motion, the Court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery County Police Officers,* 762 F.2d 30, 31 (4th Cir.1985).

### A.   AMERISURE HAS NO LEGAL CAUSE OF ACTION.

The duty to defend is contractual, and it if it is breached it is the insured who has the right to sue, not a co-insurer who has no right to contribution.  *Argonaut Ins. Co. v. Maryland Cas. Co.*, 372 So.2d 960, 964 (Fla. 3d DCA 1979); *Hartford Acc. and Indem. Co. v. Travelers Indem. Co.*, 554 So.2d 559  (Fla. 1st DCA 1989) (Insurer not in privity with second insurer could not maintain contribution claim that operated outside contract).  Thus, as there is no contractual privity between Amerisure and Mid-Continent, Amerisure has no legal cause of action against Mid-Continent with respect to Mid-Continent's contractual obligations to D'Asign.

### B.   AMERISURE HAS NO EQUITABLE CAUSE OF ACTION FOR RECOUPMENT OR APPORTIONMENT OF DEFENSE FEES.

Florida does not recognize a cause of action for contribution among co-insurers for amounts spent in the defense of a common insured. *Continental Cas. Co. v. United Pacific Ins. Co.*, 637 So.2d 270 (Fla. 5th DCA 1994); *Argonaut*, 372 So.2d at 963. Where two or more carriers have a duty to defend the same insured and only one carrier assumes that duty, that carrier will not be allowed to recover from the non-defending carrier(s) any amounts spent to defend the common insured.  *Argonaut,* 372 So.2d 960.

*Argonaut* was an action by one insurer against another insurer to recover a pro-rata share of attorneys' fees incurred in providing a defense to the companies' mutual

insured in a prior lawsuit.  *Id.*  The *Argonaut* court rejected Argonaut's claim, finding no contractual duty or quasi-contractual duty flowing from the other insurer to Argonaut, and therefore, no basis to apply the doctrine of equitable subrogation.  The court held that the duty of each insurer to defend its insured is personal and does not inure to the benefit of another insurer.  *Id.*  The court stated:

> [T]he agreement to defend is not only completely independent of and severable from the indemnity provision of the policy, but is completely different. Indemnity contemplates merely the payment of money. The agreement to defend contemplates the rendering of services. The insurer must investigate, and conduct defense, and may if it deems it expedient, negotiate and make a settlement of the suit. These matters each insurer is required to do regardless of what the other insurer is doing. While both may join together in the services and share expenses, there is no requirement that they do so. Conceivably, one might disagree with the other as to the strategy of the investigation and defense. It could act independently of the other. Thus the relationship is more that of coinsurer than cosurety. As to the assured, neither one is excused to any extent from its full duty to defend, no matter what the other does. The duty to defend is personal to the particular insurer.  It is not entitled to divide that duty with or require contribution from the other.

372 So.2d at 963 (quoting *Financial Indemnity Co. v. Colonial Insurance Co.,* 281 P.2d 883 (Cal.Ct.App.1955)).

Mid-Continent and Amerisure both provided primary commercial general liability coverage to D'Asign.  Amerisure has defended D'Asign against the Lakes' counterclaim under a reservation of rights.  See **Exhibit A**, ¶ 20.  Amerisure has no right to equitable contribution or equitable subrogation against Mid-Continent, as the duty of each insurer to defend its insured is personal and cannot inure to the benefit of another insurer. Contribution is not allowed between insurers for expenses incurred in defense of a mutual insured.  *American Cas. Co. of Reading Pennsylvania v. Health Care Indem., Inc.*, 613 F.Supp.2d 1310 (M.D.Fla.,2009) (quoting *Argonaut,* 372 So.2d at 963).

In *Continental Cas. Co. v. United Pacific Ins. Co.*, 637 So.2d 270 (Fla. 5th DCA 1994), as in *Argonaut,* the court rejected the argument that an equitable right to subrogation should be created in order to discourage insurers from shirking their duty to defend.  The court explained:

> The Legislature has not seen fit to allow contribution for costs or attorney's fees between insurance companies. If contribution for costs were allowed between insurance companies, there would be multiple claims and law suits. The insurance companies would have no incentive to settle and protect the interest of the insured, since another law suit would be forthcoming to resolve the coverage dispute between the insurance companies. This is contrary to public policy, particularly since the insured has been afforded legal protection and has not had to personally pay any attorney's fees. (citation omitted). *Argonaut* was correct that traditional principles of subrogation will not support a reimbursement of defense costs in favor of someone who has the independent contractual duty to pay all such expenses.

*Id.* at 272.

Based on *Argonaut, Continental Casualty,* and the other cases discussed above, Amerisure has no equitable cause of action against Mid-Continent for amounts spent in the defense of D'Asign.   The fact that Amerisure has styled its action as one for "declaratory relief" under Mid-Continent's policy is of no consequence.  Amerisure is a stranger to the D'Asign/Mid-Continent insurance contract.  It has not alleged, nor can it allege, that it is an intended beneficiary of Mid-Continent's policy.  Therefore, Amerisure has no cognizable cause of action with respect to Mid-Continent's duty to defend D'Asign.

### C.   AMERISURE HAS NO EQUITABLE CAUSE OF ACTION FOR RECOUPMENT OR APPORTIONMENT OF INDEMNITY.

Equitable subrogation or contribution could only apply if Amerisure satisfied the obligations of its insured and equity compelled that Amerisure be allowed to recover from Mid-Continent.  *See, e.g., Kala Inv. v. Sklar Inv.,* 538 So. 2d 909, 917 (Fla. 3d DCA

6

1989); *United States Fid. & Guar. Co. v. Bennett,* 119 So. 394 (1928).  Mid-Continent does not dispute that if Amerisure had paid money in indemnifying D'Asign in connection with an award, judgment or settlement in the underlying action, it could bring an equitable cause of action in which it could allege an entitlement to recoupment or apportionment of part or all of the monies it paid.  But Amerisure has not alleged that it has paid any money to indemnify D'Asign.  Therefore, there is nothing to recoup or apportion.  As such, Amerisure has not stated a cause of action.

       **D.**    **A DETERMINATION OF MID-CONTINENT'S DUTY TO INDEMNIFY IS PREMATURE.**

Although an insurer's duty to defend is determined from the allegations in the complaint against the insured, the duty to indemnify is narrower and is determined by the underlying facts adduced at trial or developed through discovery during the litigation. *U.S. Fire Ins. Co. v. Hayden Bonded Storage Co.*, 930 So.2d 686 (Fla. 4th DCA 2006); *Travelers Indem. Co. of Ill. v. Royal Oak Enters., Inc.,* 344 F.Supp.2d 1358, 1366 (M.D.Fla.2004).  "Questions regarding the duty to indemnify should be reserved until the issue of the insured's liability is determined."  *Westmoreland v. Lumbermens Mut. Cas. Co.*, 704 So. 2d. 176, 180 (Fla. 4th DCA 1997).  At the present time, no one knows whether D'Asign will be found liable to the Lakes.  Therefore, this Court should "decline to express legal opinions on academic theoreticals which may never come to pass." *American Fid. & Cas. Co. v. Pa. Threshermen & Farmers Mut. Cas. Ins. Co.,* 280 F.2d 453, 461 (5th Cir. 1960).

In this case, no facts have been found yet in the underlying action from which this Court could make a determination as to Mid-Continent's duty to indemnify (assuming for the sake of argument that D'Asign might be found liable to the Lakes.  Where a

declaratory judgment action is dependent on facts yet to be determined in an underlying action, a declaration on the duty to indemnify is premature and should be dismissed. *Home Insurance Co. v. Gephart,* 639 So.2d 179 (Fla. 4th DCA 1994).  Additionally, a court in the declaratory judgment action should not usurp the fact finding process from the jury or fact finder in the underlying action absent extraordinary circumstances. *International Surplus Lines Ins. Co. v. Markham*, 580 So.2d 251 (Fla. 2d 1991).  As the underlying arbitration action is still pending, any fact finding by this Court would be premature and would usurp the factfinding process from the finder of fact that D'Asign and the Lakes have chosen.  Thus, with respect to Mid-Continent's duty to indemnify D'Asign, this action is premature.

**CONCLUSION**

For the foregoing reasons, Mid-Continent requests that the Complaint for Declaratory Relief be dismissed.  With respect to Mid-Continent's duty to defend D'Asign, Amerisure has not stated a legal cause of action because there is no contractual privity between Mid-Continent and Amerisure, and it has not stated an equitable cause of action because an equitable cause of action by one primary insurer against another does not exist in connection with defense costs.  With respect to Mid-Continent's duty to indemnify, Amerisure has not stated a legal cause of action because there is no contractual privity, and it has not stated an equitable cause of action because it has not yet paid any money to indemnify D'Asign.  Additionally, a determination of Mid-Continent's duty to indemnify is premature, as no facts have been found in the underlying action from which that duty could be determined.

WHEREFORE, Mid-Continent respectfully requests that this Honorable Court

dismiss Amerisure's Complaint for Declaratory Relief.

Respectfully submitted,

LITCHFIELD CAVO LLP


 /s/  John R. Catizone
JOHN R. CATIZONE, ESQUIRE
Florida Bar No.: 0695491
VANESSA AVERHOFF, ESQUIRE
Florida Bar No.:  033276
600 Corporate Drive, Suite 600
Fort Lauderdale, Florida  33334
Telephone:   (954) 689-3000
Facsimile:    (954) 689-3001
Email:  catizone@litchfieldcavo.com
             averhoff@litchfieldcavo.com
Attorneys for *Mid-Continent Casualty Company*


## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2010, I electronically filed the foregoing with the

Clerk of court by using the CM/ECF system which will send a notice of electronic filing

to the following:

F. Bradley Hassell, Esquire
Hassell, Moorhead, & Carroll
1616 Concierge Blvd
Suite 100
Daytona Beach, Florida 32117

 /s/  John R. Catizone
JOHN R. CATIZONE, ESQUIRE
Florida Bar No.: 0695491